Bernard T. King
Charles E. Blitman*
Jennifer A. Clark
Kenneth L. Wagner
Timothy R. Bauman
Nathaniel G. Lambright
Daniel E. Kornfeld◊ᴼ
Daniel R. Brice
Ginger B. LaChapelle◊
Brian J. LaClair
Bryan T. Arnault*▯
Michael R. Daum**

Nolan J. Lafler
Imani M. Shaw
Krista M. Dean

*Of Counsel*
Jules L. Smith
Donald D. Oliver

\*  Also admitted in MA
▯  Also admitted in MD
ᴼ  Also admitted in DC
\*\* Also admitted in NJ
▯  Also admitted in PA

# Blitman&King LLP

. Attorneys and Counselors at Law

Syracuse • Rochester • New York • Albany

*bklawyers.com*

One Penn Plaza, Suite 2601
New York, NY 10119-2699
Phone: 212.643.2672
Fax: 315.471.2623

Kelly L. Cook, CEBS
Leslie A. DuMond, CEBS
Marlene G. Naistadt, MBA
Rachel Stolar, CEBS

Nathan H. Blitman
(1909-1990)

May 8, 2020

*dekornfeld@bklawyers.com*

**VIA ELECTRONIC FILING AND REGULAR MAIL**

The Honorable Paul E. Davison
United States Magistrate Judge
300 Quarropas Street, Room 420
White Plains, New York 10601-4150

> Re:    *Teamsters Local 456 Pension Fund, et al. v. K & D Industries of NY,*
> *LLC, and Karl Bjorkland, Individually,*
> Civil Action No.: 7:19-cv-09423 (NSR)

Dear Judge Davison:

This firm represents the Plaintiffs Teamsters Local 456 Funds and Westchester Teamsters Local No. 456 concerning the above referenced case. In preparation for the telephone conference scheduled for May 14, 2020 at 11:00 a.m., the following is a brief status report concerning the outstanding discovery issues in this litigation.

By way of background, Plaintiffs commenced this civil action on October 11, 2019 seeking contributions, deductions, interest, liquidated damages, audit fees, attorneys' fees, and costs for multiemployer employee benefit plans [Docket No. 1]. *See* 29 U.S.C. §§1132(g)(2), 1145; *Jaspan v. Glover Bottle Gas Corporation*, 80 F.3d 38, 41 (2d Cir. 1996); *Iron Workers District Council of Western New York and Vicinity Welfare and Pension Funds v. Hudson Steel Fabricators and Erectors, Inc.*, 68 F.3d 1502, 1508 (2d Cir. 1995); *Huge v. Longs' Hauling Co., Inc.*, 590 F.2d 457, 460 (3d Cir. 1978). Importantly, the Fifth Cause of Action in the Complaint seeks judgment for the additional contributions, deductions, and other amounts that are determined to be due as a result of an audit or other discovery in the matter. *See Central States, Southeast and Southwest Areas Pension Fund v. Central Transport., Inc.*, 472 U.S. 559, 571 (1985); *New York Teamsters Conference Pension and Retirement Fund v. Boening Bros. Inc.*, 92 F.3d 127, 130-32 (2d Cir. 1996); *Sinai Hospital v. Hospital Employees Benefit Fund*, 697 F.2d 562, 567 (4th Cir. 1982); *New York State Teamsters Health and Hospital Fund v. Silverline Construction, Inc.*, 11 E.B.C. (BNA) 2371, 2373-75 (N.D.N.Y. 1989).

On December 11, 2019, Plaintiffs served their First Requests for Production of Documents on Defendants. To summarize, the Requests seek the materials concerning the contributions and other amounts owed by the employer as well as evidence concerning the individual liability for Defendant Karl Bjorkland. With a letter dated January 13, 2020, Defendants provided their written response with the disclosure of the responsive documents to

{B0146022.2}



# Blitman&King
### LLP

May 8, 2020
Page 2

occur as determined "at the Rule 26(f) conference." In conversations with Defendants' counsel, Defendants agreed to disclose the responsive documents before the deposition of Mr. Bjorkland, but Defendants have not agreed to a date for that deposition, yet.

In any event, on December 12, 2019, Plaintiffs auditors, Wagner & Zwerman LLP issued their first report concerning the amounts owed by Defendants concerning work in covered employment during the period July 1, 2016 through June 30, 2018. By letter dated January 9, 2020, Defendant's Accountant William J. Gilroy objected to the audit report. In response, Plaintiffs auditors offered to meet immediately with Mr. Gilroy to address his concerns and to up-date the audit period through December 31, 2019. Eventually, Mr. Gilroy declined to meet until February 18, 2020, and Defendants refused to disclose their books and records related to work in covered employment on and after July 1, 2018.

Nonetheless, on March 9, 2020, Plaintiffs auditors revised their report to respond to most of the objections from Mr. Gilroy. To summarize their findings (and setting aside for the moment the issues of interest and other amounts owed), the auditors concluded that Defendants owe $12,076.06 in contributions and deductions related to work in covered employment during the period July 1, 2016 through June 30, 2018. I provided a copy of the revised audit report to counsel for the Defendants on March 12, 2020 with a renewed request that Defendants disclose the additional documents and information for work in covered employment after July 1, 2018. To date, Defendants have still not disclosed the documents to complete the audit or to prepare for Mr. Bjorkland's deposition.

Throughout discussions with opposing counsel, I explained Plaintiffs' intention to avoid the expense and inconvenience of discovery and a motion for summary judgment, if possible. **However, Plaintiffs cannot settle this matter until they know what the employer owes them.** As a result, the parties are at a standstill because Defendants refuse to disclose the required documents and information to the auditors. Defendants' delays have prevented the parties from making progress toward settlement or completing discovery, and we respectfully request the District Court's assistance in ending the impasse.

Thank you for your consideration of this status report.

Respectfully submitted,

BLITMAN & KING LLP

*/s/ Daniel Kornfeld*

Daniel Kornfeld

{B0146022.2}



May 8, 2020
Page 3


DK/cls


cc:     Andrew Mackle, Fund Administrator
        Teamsters Local 456 Funds
        160 South Central Ave.
        Elmsford, New York 10523

        Karin Arrospide, Esq.
        50 Main Street, Suite 1000
        White Plains, New York 10606