

# Karin Arrospide
*Attorney at Law*

50 Main Street, Suite 1000
White Plains, New York 10606
Tel. (914) 682-2024

<u>Via ECF Only</u>                                        May 12, 2020
Hon. Paul E. Davison
United States Magistrate Judge
Charles L. Brieant Building, United States District Court, Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re: Teamsters Local 456, et al. v. K&D Industries of NY, LLC, et al., 19 CV 09423 (NSR)(PED)**
Dear Judge Davison:

     I represent K&D Industries of NY, LLC, and Mr. Karl Bjorkland.  I write in accordance with Your Honor's Discovery Order dated April 15, 2020 in response to my adversary's letter dated May 8, 2020.  For the reasons set forth below, Defendants object to Plaintiffs' letter in its entirety and request an order (i) pursuant to F.R.C.P. 26(b) limiting Plaintiffs First Notice for Discovery and Inspection to the periods contained in Plaintiffs' First and Second Causes of Action; and (ii) allow the parties to set a discovery schedule in due course, after paper discovery has been exchanged, by the deadline for completion of depositions as set forth in the Order dated March 18, 2020.

     I wholeheartedly disagree with Mr. Kornfeld's characterization of delay by the Defendants. In fact, Defendants have (i) reported hours worked in covered employment and tendered all principal amounts owed for fringe benefit contributions and administrative dues from July 2019 up through and including March 2020 together with the contribution reports showing hours worked and (ii) cooperated with the audit request contained in Plaintiffs' June 28, 2019 letter.  Because Plaintiffs continue to enlarge their demands, this lawsuit continues.

     Except for the liquidated damages contained in Plaintiffs' Second Cause of Action, the sums identified in the Complaint have been paid.  On October 7, 2019, prior to the commencement of this action, Defendants remitted $1,267.99 for dues, and $10,000.00 for July 2019 fringe benefit contributions.  July 2019's remaining balance was paid on October 15, 2019 in the amount of $23,109.45.  On November 11, 2019, Defendants submitted August 2019's monthly contribution report together with the complete corresponding payment and the $552.75 interest demanded for the months of May, June and July.   Thereafter, Defendants requested an end to this litigation.  Plaintiffs refused and served their initial disclosures and document demands prior to the initial conference, which was scheduled to take place on March 26, 2020.

     Prior to the commencement of this lawsuit, Plaintiffs' auditors requested that K&D Industries submit to an audit for the period July 1, 2015 to June 30, 2018 by letter dated June 28, 2019.  Defendants fully cooperated with the audit request.  <u>Nearly five months later</u>, Plaintiffs' findings dated December 12, 2019 were presented.  Defendants immediately reviewed and disputed the auditors' findings by letter dated January 9, 2020.  Because the initial audit was not conducted in Defendants' place of business, the parties agreed to conduct a field audit on the mutually agreeable date of February

19, 2020 and, at the conclusion, agreed that the initial determinations were incorrect and substantially less was owed.  We disagree with Mr. Kornfeld's contention that Defendants caused any delay.  Notably, Plaintiffs' auditors delayed issuing a revised report for three weeks.  Acknowledging some of their flawed determinations, the auditors' presented revised findings.  However, Plaintiffs' auditors continue to incorrectly report that Defendants did not pay the correct vacation benefit rate.  My clients have repeatedly requested a conference with Union leadership to clarify the issue of the vacation benefit to no avail.  Defendants' duly served their formal dispute letter challenging the revised audit findings on March 31, 2020.

Although ERISA is a broad statute and remedial in nature, inquiry is permitted as to whether this lawsuit was properly commenced prior to granting the relief sought in Plaintiffs Fifth Cause of Action.  Here, Defendants paid all sums owed under the "Settlement Agreement" prior to the filing this action with a credit due of at least $600.00.  Defendants paid a partial sum of July 2019 prior to commencement of the lawsuit. Arguably, the inclusion of August 2019 in this lawsuit was premature and/or inconsistent with the Collections Policy given that a demand letter was sent affording Defendants additional time to remit payment.  Indeed, by letter dated, October 21, 2020, Mr. Kornfeld personally informed Defendant K&D Industries that "To *avoid* immediate further legal action, submit the reports, contributions, and deduction within ten (10) days… the Trustees *may* direct us to take appropriate action…including, but not limited to, *commencing a lawsuit in federal court*….emphasis added).   Other issues of fact to be resolved involve whether Defendants were put on notice that Plaintiffs intended to file a lawsuit seeking liquidated damages for "late payments made from January 1, 2019 through July 31, 2019" and whether the Collections Policy language is at odds with the collective bargaining agreement's language on liquidated damages for "late" payments.  See 29 U.S.C. §1145; *Williams v. Salt City Painting, Inc.,* 1992 WL 265944, at * 12 (N.D.N.Y. Oct.1, 1992), *reconsidered on other grounds,* 1993 WL 513185 (N.D.N.Y. Dec.07,1993) (noting that section 515 "may foreclose certain employer defenses which are based on conduct of the parties who negotiated and executed the writing," but may not *"foreclose inquiry into the actions of the fund itself in asserting its rights").*

After all our good faith efforts to settle this lawsuit were summarily rebuked, Defendants duly served their First Set of Interrogatories, Request for Admissions and Notice for Production of Documents.   By letter dated January 13, 2020, I requested access to review the documents identified in Plaintiffs' Initial Disclosures, but, have not received a response.  In addition to sums previously paid, Plaintiffs are also in possession of contributions reports detailing hours worked (September 2019 through March 2020) together with all corresponding payments in the aggregate sum of **$247,537.00**.

Despite the current pandemic, Defendants have duly remitted the contribution reports, fringe benefits and dues while keeping business afloat.  I respectfully submit that Plaintiffs' document requests and their demand for a *third audit examination* – particularly where there is a dispute concerning the revised audit determinations and Union leadership refuses to discuss the matter directly with Defendants -- are not proportional to the needs of this lawsuit, will only serve to deplete Defendants' limited financial resources while also increasing Plaintiffs' administrative expenses to the detriment of the Funds' assets. I respectfully request that Your Honor limit discovery in this lawsuit to the issues and relevant time periods raised in the Complaint.

Respectfully submitted,

*Karin Arrospide*
**Karin Arrospide, Esq.**

cc:  Daniel E. Kornfeld, Esq. (via ECF)